United States District Court
Southern District of Texas
**ENTERED**
January 11, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| JOSH LIMAS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 5:20-CV-177 |
| | § | |
| SOUTH TEXAS NATIONAL BANK | § | |
| OF LAREDO, *et al*, | § | |
| | § | |
| Defendants. | § | |

# ADVISORY

The parties have filed a jointly signed stipulation to dismiss with prejudice Defendant South Texas National Bank of Laredo (Dkt. No. 15).

Federal Rule of Civil Procedure 41(a)(1)(A)(ii) authorizes a plaintiff to dismiss an action without a court order by filing a stipulation of dismissal that is signed by all parties who have appeared. However, "[i]n a multi-defendant suit, the plaintiff may single out a party for dismissal; in those cases only the dismissed defendant need sign the stipulation." *Nat'l City Golf Fin. v. Scott*, 899 F.3d 412, 415 n.3 (5th Cir. 2018) (citing *Plains Growers, Inc. v. Ickes-Braun Glasshouses, Inc.*, 474 F.2d 250, 254 (5th Cir. 1973); 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2362 (3d Ed. Apr. 2018 update)).

Dismissal under Rule 41(a)(1)(A) is subject to limitations in class action suits, shareholder derivative suits, and suits where the Court has appointed a receiver. Fed. R. Civ. P. 41(a)(1)(A). None of those limitations apply here. Thus, because the Stipulation is signed by the Plaintiff and Defendant South Texas National Bank of

Laredo, all of Plaintiff's claims against this Defendant were dismissed with prejudice "effective upon [the] filing" of the Stipulation. *SmallBizPros, Inc. v. MacDonald*, 618 F.3d 458, 463 (5th Cir. 2010).

The Clerk of Court is **DIRECTED** to terminate Defendant South Texas National Bank of Laredo from the docket. Plaintiff's claims against Defendant RBYFT-TIG LAREDO, LLC remain pending.

**SIGNED** January 11, 2021.

_____
Marina Garcia Marmolejo
United States District Judge